FRANK HEWITT, Plaintiff, *v.* NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY, Defendant.

Supreme Court, Trial Term, Bronx County, December 2, 1937.

*Davisson & Manice* [*Allen McCarty* and *Donald B. Riker* of counsel], for the plaintiff.

*Madison G. Gonterman*, for the defendant.

McGEEHAN, J. Plaintiff is a wholesale fruit and produce merchant. In the year 1925, and for several years prior, he leased from defendant space in its Bronx Produce House for the transaction of his business at defendant's Harlem River terminal.

In this common-law action in tort he alleges that in violation of its duty as a common carrier defendant gave an undue and unreasonable preference and advantage to certain of his competitors and subjected him to an undue and unreasonable prejudice and disadvantage during the 1925 grape season in the issuance of permits for shipments of juice grapes from California and the acceptance at its Harlem River terminal of shipments of his competitors, with and without permits, and in other respects, with the resultant delay in the arrival and disposal of his shipments to his damage in the sum of $110,000, all of which defendant denies.

The issues were tried before the court without a jury for ten days of the April, 1931, term. The record is voluminous and comprises testimony of witnesses and hundreds of exhibits, with a plethora of detail. Briefs totaling 518 pages, supplemented with seven appendices, were finally submitted in the latter part of June, 1937. Counsel merit the commendation of the court for the industry they have shown in the preparation of this involved case, the thorough trial and the excellent briefing of the facts and the law.

The issues of fact are resolved in favor of the plaintiff. As requested by defendant, they will be set forth in findings to be made herein. It is unnecessary to present them in this opinion. They are well known to the parties and their counsel, who are the only ones presently interested. The court does not feel that they warrant any comment. The decision, which shall contain the findings of fact and the conclusions of law thereon, will be the basis of the judgment to be entered herein.

As to the law, the main contention of the defendant is that under the controlling provisions of the Interstate Commerce Act (U. S. Code, tit. 49, § 1 *et seq.*), as construed by the Federal courts, the issues herein require a preliminary determination by the Interstate Commerce Commission before an action to recover damages may be maintained in a Federal or a State court. Section 22 of the act, as amended (U. S. Code, tit. 49, § 22), preserves the common-law right of action. The issues in the instant case do not appear to present a state of facts which under the authorities would give the Commission original exclusive jurisdiction. The cases cited by the defendant do not appear in point.

On August 13, 1925, the defendant, for its own protection, issued an embargo to all connecting lines and agents to regulate the arrival of juice grapes so as not to exceed the capacity of its facilities. The embargo was effective at the point of origin, applied to all shipments from all connections, and required the issuance of permits by it when the shipments were consigned, reconsigned or intended for delivery at its Harlem River terminal. The obligation of enforcing this embargo was that of the defendant and no one else.

That this embargo (twice revised by defendant for stricter enforcement) was necessary and reasonable is not questioned. The complaint is that it was not fairly and impartially enforced. It appears from the evidence that in disregard of its common-law duty the defendant in numerous instances issued permits in violation of its own rule and in many other instances allowed the plaintiff's competitors to receive juice grapes at this terminal, without permits, in preference to him. The defendant's method or practice, or lack thereof, appears to have caused the plaintiff a substantial

loss, and for this wrong he has resorted to this court for money damages.

What is actually presented is the determination of complicated questions of fact and the assessment of damages. It is not a matter which must first be submitted to the Interstate Commerce Commission.

In *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.* (237 U. S. 121, at pp. 131, 132; 35 S. Ct. 484, 487) the court said: " But it must be borne in mind that there are two forms of discrimina-, tion — one in the rule and the other in the manner of its enforcement; one in promulgating a discriminatory rule, the other in the unfair enforcement of a reasonable rule. In a suit where the rule of practice itself is attacked as unfair or discriminatory, a question is raised which calls for the exercise of the judgment and discretion of the administrative power which has been vested by Congress in the Commission. It is for that body to say whether such a rule unjustly discriminates against one class of shippers in favor of another. Until that body has declared the practice to be discriminatory and unjust no court has jurisdiction of a suit against an interstate carrier for damages occasioned by its enforcement. * * * But if the carrier's rule, fair on its face, has been unequally applied and the suit is for damages, occasioned by its violation or discriminatory enforcement, there is no administrative question involved, the courts being called on to decide a mere question of fact as to whether the carrier has violated the rule to plaintiff's damage. Such suits though against an interstate carrier for damages arising in interstate commerce, may be prosecuted either in the State or Federal courts."

To the same effect is *Pennsylvania R. R. Co.* v. *Sonman Shaft Coal Co.* (242 U. S. 120; 37 S. Ct. 46).

In this State the Court of Appeals in *Root* v. *Long Island R. Co.* (114 N. Y. 300) defined the duty of a common carrier under the common law and held that a question of fact of unjust discrimination is one for the trial court to determine.

Upon the facts of this case and in the light of the authorities, the conclusion reached is that this court has original jurisdiction of the subject-matter.

Defendant also contends that the plaintiff is not entitled to maintain this action in his own right. The evidence clearly shows that plaintiff was a factor. The grapes were consigned to him for sale to others, and it was part of his duty to collect the full amount that could possibly be realized. That duty includes the prosecution of this action. As trustee of an express trust he appears to have the right under section 210 of the Civil Practice Act to sue in his own name. As a factor he has a special property interest in the

subject-matter. He is accountable for all the proceeds. Any judgment entered herein will bar actions by the consignors. A full and final determination by this court should obviate a multiplicity of burdensome litigations between residents of California and this defendant, over whom the courts of that State have no original jurisdiction.

The evidence justifies an assessment of damages in the amount of $22,607.97, with interest. Submit findings. Settle decision and judgment.